UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | |
|---|---|
| ROLANDO GUERRA AND EDUARDO GUERRA, Individually and On Behalf of All Others Similarly Situated, §§§§§ Plaintiffs, § § vs. § § § SOUTHERN CONNECTIONS AND § SERVICES, INC. § Defendant. § | COLLECTIVE AND CLASS ACTION COMPLAINT CIVIL ACTION NO. 7:19-cv-216 |

### PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiffs Rolando Guerra and Eduardo Guerra ("Plaintiffs"), individually and on behalf of all others similarly situated, file this Original Complaint, as follows:

### I. PRELIMINARY STATEMENT

1. Southern Connections and Services, Inc. ("Defendant") was the former employer of Plaintiffs. Plaintiffs were hired by Defendant as Torque Turn, Thread Rip and Casing Running Tool ("CRT") workers. Plaintiffs were paid both straight time and a day rate for each week worked, regardless of the number of hours worked in each day or each week. Plaintiffs were misclassified as independent contractors, despite the fact that they worked full time for Defendant, and virtually every aspect of their job was controlled by Defendant. Defendant misclassified Plaintiffs, and those similarly situated, as independent contractors to avoid paying employment taxes, workers' compensation insurance, benefits and overtime. During their time with Defendant, Plaintiffs typically worked 100 - 120 hours per week. Yet Plaintiffs and others

similarly situated did not receive any additional compensation for the hours worked above forty in a week, and thus Defendant denied their workers overtime pay in violation of Federal law.

2. Plaintiffs, on behalf of themselves and all others similarly situated, bring this collective action to recover overtime compensation and all other available remedies under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201 *et. seq.* (the "FLSA").

3. This collective action sought to be certified under the FLSA consists of:

> **ALL CURRENT OR FORMER WORKERS WHO WORKED FOR SOUTHERN CONNECTIONS AND SERVICES, INC. DURING THE PAST 3 YEARS WHO WERE (A) MISCLASSIFIED AS AN INDEPENDENT CONTRACTOR AND (2) PAID STRAIGHT TIME AND/OR A DAY RATE WITH NO OVERTIME.[1]**

4. Plaintiffs, on behalf of themselves and all others similarly situated, also bring a class action under New Mexico Minimum Wage Act, N.M. Stat. Ann. § 50-4-22(D) (the "NMMWA"). This class action sought to be certified under the NMMWA consists of:

> **ALL CURRENT OR FORMER WORKERS WHO WORKED FOR SOUTHERN CONNECTIONS AND SERVICES, INC. FROM AT LEAST SEPTEMBER OF 2016 UNTIL THE PRESENT DATE WHO WERE (1) MISCLASSIFIED AS INDEPENDENT CONTRACTORS AND (2) PAID STRAIGHT TIME AND/OR A DAY RATE WITH NO OVERTIME.[2]**

5. Defendant willfully committed widespread violations of the FLSA and the NMMWA by failing to pay these employees for overtime hours worked in excess of forty hours per week at a rate of one and one-half times their regular rate of pay.

---

[1] The members of this proposed class are referred to herein as "The Class Members."

[2] The exact period covered by the NMMWA class action is unknown at this time because "[a] civil action to enforce any provision of [the NMMWA] may encompass all violations that occurred as part of a continuing course of conduct regardless of the date on which they occurred," see NMSA 1978 § 50-4-32. Thus, the period covered by the NMMWA claim for Plaintiffs and the Class Members would begin when Defendant's misclassification scheme started until it ended. Plaintiffs intend to seek discovery from Defendant regarding the time period of its misclassification scheme of its workers such as Plaintiffs and intends to amend its Complaint after discovering this information.

## II. PARTIES

6. Plaintiff Rolando Guerra is an individual residing in Texas. Plaintiff's Notice of Consent is attached hereto as Exhibit 1.

7. Plaintiff Eduardo Guerra is an individual residing in Texas. Plaintiff's Notice of Consent is attached hereto as Exhibit 2.

8. Defendant Southern Connections and Services, Inc. is a Texas corporation with its principal place of business in Bullard, Texas, PO Box 960, Bullard, Texas 75757. Southern Connections and Services, Inc. may be served through its registered agent for service of process, Matthew Shane Ooten, 9485 FM 1861, Eustace, Texas 75124, or where found.

## III. JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et. seq. Jurisdiction is further conferred on this Court by the provisions of 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce..."

10. This Court has personal jurisdiction over Defendant because it is a Texas resident. This Court's assertion of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice.

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because, as provided below, a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## IV. COVERAGE

12. At all relevant times, Defendant acted and is acting as the employer with respect to Plaintiffs and others similarly situated. Defendant was and is responsible for all decisions related to the wages to be paid to Plaintiffs and others similarly situated, the work to be performed by the Class Members, the locations of work performed by the employees, the hours to be worked by the Class Members, and the compensation policies with respect to the Class Members.

13. At all relevant times, Defendant has operated an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

14. At all relevant times, Defendant has operated an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had an annual gross sales volume of sales made or business done of not less than $500,000.

15. At all relevant times, Plaintiffs, and others similarly situated, are or were employees for Defendant who was engaged in commerce or in the production of goods for commerce.

## V. FACTUAL BACKGROUND

16. Southern Connections and Services, Inc. provides drilling and completion rigs in the oil and gas industry. It provides casing and tubular running services, torque turn services, and

thread representatives, which allow field technicians to follow every procedure of the threads from the transportation from the mill to the well site. On information and belief, Defendant has, on average, over 100 workers working on any given day in different parts of Texas and New Mexico, including the Permian Basin.

17. Plaintiff Rolando Guerra worked for Defendant from approximately August of 2017 until July of 2019. Plaintiff Eduardo Guerra worked for Defendant from July of 2017 until November of 2017 and then again from May of 2018 until September 10, 2019. Both of these Plaintiffs regularly averaged more than 100 hours per week, which was typical of the members of the proposed class. Both of these Plaintiffs routinely worked in New Mexico, and when they were assigned to jobs in New Mexico, they would regularly work for a week or more there, and would work much more than 40 hours in a week while there. Defendant does a significant amount of business in New Mexico, and thus most if not all of the workers it wrongfully classified as independent contractors regularly worked there and performed more than 40 hours of work in a week in New Mexico on a regular basis. Plaintiffs and the other Class Members were misclassified as independent contractors and paid both a day and straight time regardless of the number of hours worked in a given week, even those above forty. Every week, or virtually every week that Plaintiffs worked for Defendant, Plaintiffs, and those similarly situated, typically worked twenty days on, ten days off with no overtime pay. Thus, Plaintiffs and the Class Members were denied overtime pay in violation of the FLSA and the NMMWA.

18. No exemption excuses Defendant from paying Plaintiffs and the other Class Members overtime rates under the FLSA and/or the NMMWA.

19. Defendant failed to make a good faith effort to comply with the FLSA and/or the NMMWA. Instead, Defendant knowingly, willfully or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation. Plaintiffs and those similarly situated are entitled to liquidated damages for such conduct.

20. For purposes of this action, the "relevant period" under the FLSA is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

21. Plaintiffs have retained the undersigned counsel to represent them and those similarly situated in this action. Pursuant to the FLSA and/or the NMMWA, Plaintiffs and those similarly situated are entitled to recover all reasonable attorney's fees and costs incurred in this action.

## VI. COLLECTIVE ACTION ALLEGATIONS

22. Other employees of Defendant have been victimized by the pattern, practice and policy of Defendant.

23. Plaintiffs bring their claims on behalf of all current and former Class Members.

24. Defendant's compensation policies and procedures with respect to Plaintiffs and the Class Members and wages paid to Plaintiffs and the Class Members are substantially similar, if not identical.

25. Defendant's pattern of failing to pay overtime compensation as required by the FLSA results from Defendant's general application of compensation policies and procedures, and does not depend on individualized circumstances of Plaintiffs or the Class Members.

26. Although the issue of damages may be individual in character, this does not detract from the common nucleus of facts with respect to Defendant's liability under the FLSA.

27. Plaintiffs file this case as an "opt-in" collective action as specifically allowed by 29 U.S.C. § 216(b). Plaintiffs bring these claims on their own behalf and on behalf of those similarly situated who have not been fully compensated for all work performed, time spent, and activities conducted for the benefit of Defendant.

28. Plaintiffs request that Defendant identify all prospective members of the proposed class of Class Members in order that proper notice of their right to consent to participation in this collective action may be distributed, including their names, dates of employment, job titles, last know addresses, and telephone numbers.

29. Plaintiffs seek to represent those members of the above-described group who, after appropriate notice of their ability to opt into this action, have provided consent in writing to be represented by Plaintiffs' counsel as required by 29 U.S.C. § 216(b).

30. Those individuals who choose to opt in will be listed on subsequent pleadings and copies of the written consents will be incorporated by reference.

31. Plaintiffs will fairly and adequately represent and protect the interests of those similarly situated who opt into this action.

### VII. CLASS ACTION ALLEGATIONS

32. The foregoing allegations are incorporated herein by reference.

33. Plaintiffs bring their class action on behalf of the respective Class Members. The Class Members are so numerous that their joinder is impracticable. While the precise number of

the Class Members is unknown, there are a significant number of them that worked at least one workweek of more than 40 hours in New Mexico over the past three years.

34. Plaintiffs' claims are typical of the Class Members. They and the Class Members (1) were responsible for performing manual labor on Defendant's drilling rigs; (2) worked over 40 hours in at least one workweek of at least 40 hours in or out of New Mexico; and (3) were not paid overtime.

35. Common questions of law and fact predominate over any questions affecting any individual members, including:

- Whether Defendant violated the NMMWA;
- The proper measure of damages sustained by the respective New Mexico Wage Act Class Members; and
- Whether Defendant should be enjoined from committing the alleged violations of the NMMWA in the future.

36. As a result, Plaintiffs will fairly and adequately protect the respective Class Members and has retained counsel experienced in complex wage and hour litigation.

37. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because Defendant acted or refused to act on grounds generally applicable to the Rule 23 Class Members, making final injunctive and/or declaratory relief appropriate to the Rule 23 Class Members as a whole.

38. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because (1) questions or law or fact predominate over any questions affecting individual class members; and (2) a class action is superior to other methods to ensure a fair and efficient

adjudication of this controversy because—in the context of wage and hour litigation—individuals lack the financial resources to vigorously prosecute lawsuits against large corporate defendants. Class litigation is also superior because it will preclude the need for unduly duplicative litigation resulting in inconsistent judgments pertaining to policies and practices, including the Overtime Misclassification Policy. No apparent difficulties exist in managing this class action. Plaintiffs intend to send notice to the proposed Rule 23 Class Members to the extent required by Fed. R. Civ. 23(c).

39. Defendant violated and continues to violate NMMWA through their continuing course of conduct that began with the inception of their misclassification policy described herein and, on information and belief, has continued with the enforcement of the same misclassification policy until the at least of the date of this filing.

## VIII. CAUSES OF ACTION

**COUNT ONE - VIOLATIONS OF THE FLSA**

40. The foregoing allegations are incorporated herein by reference.

41. Plaintiffs and others similarly situated were non-exempt employees of Defendant.

42. Plaintiffs and others similarly situated are entitled to overtime pay for all hours in excess of forty worked during each seven-day workweek.

43. Defendant violated 29 U.S.C. § 201 et. seq. by failing to pay Plaintiffs or others similarly situated overtime compensation at a rate of one-and-a-half times the appropriate regular rate.

44. Plaintiffs, individually and on behalf of others similarly situated, seek all unpaid overtime compensation and an additional equal amount as liquidated damages for a period of

three years from the date of the filing of this complaint, as well as reasonable attorney's fees, costs and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

## COUNT TWO - VIOLATIONS OF THE NMMWA

45. The foregoing allegations are incorporated herein by reference.

46. Plaintiffs and the Class Members are entitled to unpaid overtime in an amount equal to one-and-one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek pursuant to the formula outlined in N.M. Stat. Ann. § 50-4-22(D).

47. During the relevant time period, Defendant violated and continues to violate NMMWA by employing employees and regularly and repeatedly failing to pay employees for all hours worked and pay overtime wages at a rate of at least one-and-a-half times their regular rates of pay.

48. Plaintiffs and the Class Members are entitled to treble damages, prejudgment interest, all costs in bringing this action, and all attorneys' fees accrued that are recoverable under NMMWA.

49. Moreover, Plaintiffs request that this lawsuit encompass all violations that occurred as a part of Defendant's continued course of conduct regardless of the date on which they occurred.

50. Plaintiffs further requests that the Court, in addition to awarding the above-referenced monetary relief, also issue a permanent injunction prohibiting Defendant from engaging in the violations of the New Mexico Minimum Wage Act as described herein and requiring Defendant to post in its respective places of business (i.e. its headquarters as well as all

field offices) a notice describing violations by the Defendant as found by the court or such other and further injunctive relief as the Court may deem appropriate.

## IX. RELIEF SOUGHT

WHEREFORE, Plaintiffs, individually and on behalf of others similarly situated, respectfully request that Defendant be required to answer and appear, and that on final hearing, Plaintiffs and other members of the collective action be awarded:

   a. Unpaid overtime wages for all hours worked in excess of forty hours in a workweek at the rate of one and one-half times the employee's regular rate of pay;

   b. Liquidated damages in an amount equal to the unpaid overtime compensation;

   c. Attorney's fees, costs and expenses;

   d. Pre- and post-judgment interest at the highest rates allowed by law; and

   e. All other relief, at law or in equity, to which they, and others similarly situated, to which Plaintiffs and the Class Members may be justly entitled.

WHEREFORE, Plaintiffs, individually and on behalf of the NMMWA Class Members, pray for relief against Defendant as follows in regards to the class action complaint:

   a. For an order Certifying the State Wage Act claims as a class action pursuant to Fed. R. Civ. P. 23, for designation of Plaintiffs as class representatives under NMMWA, and for designation of Plaintiffs' counsel as class counsel;

   b. For judgment that Defendant violated NMMWA by failing to pay Plaintiffs and the Class Members overtime compensation;

   c. For an order awarding Plaintiffs and the Class Members treble damages, pre- and post-judgment interest and all available penalties or other remedies under NMMWA;

   d. For all costs, expenses and attorney's fees incurred prosecuting this claim, as allowed by law; and

   e. For injunctive relief as requested herein and for such other and further relief as may be necessary and appropriate.

                Respectfully submitted,

                /s/ Josh Borsellino
                Josh Borsellino
                State Bar No. 24045532
                Morgan Scott
                State Bar No. 24106412
                Borsellino, P.C.
                1020 Macon St., Suite 15
                Fort Worth, Texas 76102
                Telephone: (817) 908-9861
                Facsimile: (817) 394-2412
                Email: josh@dfwcounsel.com
                        morgan@oilfieldovertime.com

                **ATTORNEYS FOR PLAINTIFFS**